# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# NORTHERN DIVISION

ROSETTA FERGUSON,

    *Plaintiff*,

v.

MASTROMARCO FIRM,

    *Defendant*.
                                           /

CASE NO. 14-CV-11808

DISTRICT JUDGE THOMAS L. LUDINGTON
MAGISTRATE JUDGE CHARLES E. BINDER

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
## PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)

### I.    RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that the case be *sua sponte* **DISMISSED** because Plaintiff has failed to state a claim upon which relief can be granted.

### II.    REPORT

#### A.    Introduction

On May 6, 2014, Plaintiff Rosetta Ferguson filed this *pro se* action alleging that after she was seriously injured in an automobile accident, Defendant Mastromarco Firm ("Mastromarco") "was negligent in representing me, breached the fiduciary duty to act properly, failed to resolve my case in a timely manner and failed to pay money owed...didn't return phone calls and email messages...refused to explain legal documents so I could understand them." (Doc. 1 at 3.)

Plaintiff's complaint alleges this court's jurisdiction based on a federal question jurisdiction because "at the time of initial injury I was employed by the federal government. I'm currently a full time student being supported by federal student aid." (Doc. 1 at 2.)

Plaintiff's application to proceed without prepayment of fees was granted on May 27, 2014 (Doc. 5,) pursuant to the *in forma pauperis* statute, 28 U.S.C. § 1915(a)(1), and the case was referred to the undersigned magistrate judge for pretrial proceedings on May 13, 2014. (Doc. 4.) After screening the *pro se* complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), I find that the case is ready for report and recommendation.

### B. Screening Procedure and Standards

In enacting the original *in forma pauperis* ("IFP") statute, Congress recognized that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez*, 504 U.S. 25, 31, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989)). In 1996, Congress enacted a screening procedure, *see* 28 U.S.C. § 1915(e)(2)(B), which requires that the court review all complaints where the plaintiff is proceeding IFP and *sua sponte* dismiss a case before service of process if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

When a plaintiff is proceeding without the assistance of counsel, the court is required to liberally construe the document and hold it to a less stringent standard than a similar pleading drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). Rule 8(a) sets forth the basic federal pleading requirement that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Rule 8 requires only that the complaint give the defendant fair notice of the claim and its supporting facts." *E.E.O.C. v. J.H.*

*Routh Packing Co.*, 246 F.3d 850, 854 (6th Cir. 2001). Despite this relatively low threshold, a complaint must nevertheless contain more than legal labels, conclusions, and a recitation of the elements of a cause of action; it must also contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007).

Federal courts are under an independent obligation to examine their own jurisdiction. *U.S. v. Hays,* 515 U.S. 737, 742, 115 S. Ct. 2431, 132 L. Ed. 2d 635 (1995). Rule 12(h)(3) of the Federal Rules of Civil Procedure provides that, if a court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

There are two ways this Court can obtain jurisdiction over such a case; first, the United States Code provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. This statute confers on the federal district courts what is known as "federal question jurisdiction." Second, pursuant to 28 U.S.C. § 1332, diversity jurisdiction arises when the matter is between citizens of different states and the amount in controversy exceeds $75,000.

**C.   Analysis & Conclusion**

Plaintiff's purported basis for this court's jurisdiction is federal question jurisdiction under 28 U.S.C. § 1331.[1] However, Plaintiff's claims in her complaint do not arise under any federal statute but rather aver legal malpractice claims. These malpractice claims do not state a federal question. *Titus v. Ewert*, 92 F. App'x 334, 335 (7th Cir. 2004). Plaintiff attempts to bring the case into this court's jurisdiction by noting that "at the time of initial injury I was employed by the

---

[1] I note that both parties to this action are citizens of the State of Michigan and thus, diversity jurisdiction would not be appropriate under § 1332.

federal government. I'm currently a full time student being supported by federal student aid." (Doc. 1 at 2.) However, neither being a federal employee or being supported by federal student aid creates federal question jurisdiction. *Blank v. Shein & Brookman, P.A.*, No. 85-6287, 1985 WL 39 (Nov. 5, 1985)(dismissing case for lack of subject matter jurisdiction where federal employee complained of malpractice of defendant lawyers and attempted to assert federal question jurisdiction based on his status as an employee of the federal government).

Accordingly, the complaint fails to state a basis for this court's exercise of subject matter jurisdiction and should be dismissed. Fed. R. Civ. P. 12(h)(3).

### III. REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: May 28, 2014
/S *Patricia T. Morris*
Patricia T. Morris
United States Magistrate Judge

## CERTIFICATION

I hereby certify that this Report and Recommendation was electronically filed using the Court's CM/ECF system; a hard copy was served by first class mail on Rosetta Ferguson, 4028 Fulton St., Saginaw, MI, 48601; and delivered in the traditional manner to District Judge Ludington.

Dated: May 28, 2014
s/*Jean L. Broucek*
Case Manager to Magistrate Judge Morris