UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ROSETTA FERGSUON,

          Plaintiff,                          Case No. 14-cv-11808

v                                                Honorable Thomas L. Ludington

MASTROMARCO FIRM,

          Defendant.

_____/

**ORDER GRANTING IN PART MOTION FOR RECONSIDERATION, OVERRULING PLAINTIFF'S OBJECTIONS, ADOPTING REPORT AND RECOMMENDATION, AND DISMISSING COMPLAINT WITHOUT PREJUDICE**

Plaintiff Rosetta Ferguson moves for reconsideration of this Court's June 16, 2014 Order Adopting Magistrate Judge Morris's Recommendation and Dismissing Plaintiff's Complaint without Prejudice (ECF No. 7). In that Order, the Court adopted Magistrate Judge Morris's recommendation to dismiss Ferguson's complaint for lack of subject matter jurisdiction after noting that neither party had filed timely objections. Because Ferguson had indeed filed timely objections, Ferguson's motion for reconsideration will be granted in part. However, because this Court lacks subject matter jurisdiction over Ferguson's claims, the Court will adopt the Magistrate Judge's recommendation to dismiss Ferguson's complaint.

I

A motion for reconsideration will be granted if the moving party shows: "(1) a palpable defect, (2) the defect misled the court and the parties, and (3) that correcting the defect will result in a different disposition of the case." *Michigan Dept. of Treasury v. Michalec*, 181 F. Supp. 2d 731, 733-34 (E.D. Mich. 2002) (quoting E.D. Mich. LR 7.1(g)(3)). A "palpable defect" is

"obvious, clear, unmistakable, manifest, or plain." *Id.* at 734 (citing *Marketing Displays, Inc. v. Traffix Devices, Inc.*, 971 F. Supp. 2d 262, 278 (E.D. Mich. 1997)). "Motions for rehearing or reconsideration which merely present the same issues ruled upon by the Court, either expressly or by reasonable implication, shall not be granted." *Id.* (quoting E.D. Mich. 7.1(h)(3)).

**II**

On May 6, 2014, Plaintiff Rosetta Ferguson filed a complaint against Defendant Mastromarco Firm alleging legal malpractice. ECF No. 1. Specifically, she claimed that Defendant was "negligent in representing me, breached the fiduciary duty to act properly, failed to resolve my case in a timely manner and failed to pay money owed." *Id*. at 3.

On June 16, 2014, this Court adopted Magistrate Judge Patricia Morris's recommendation that Ferguson's complaint be dismissed for lack of subject matter jurisdiction. ECF No. 7. The Court noted that neither party had filed objections to the report, and therefore it adopted the recommendation and dismissed Plaintiff's complaint.

The day after this Court adopted Magistrate Judge Morris's recommendation, on June 17, 2014, Ferguson's objections to the recommendation were placed on the docket. Although Ferguson had attempted to file her objections on June 13 (within the timeframe for timely objections), the objections had not been placed on the docket until June 17 (outside the timeframe for timely objections). Thus, although Ferguson had timely filed her objections, docket did not reflect that fact. Nor does the docket reflect any explanation for why it took four days to docket Plaintiff's objections.

Because she had timely filed objections, Ferguson filed a "Notice of Appeal" in which she requests that the Court "[p]lease reconsider you decision to dismiss my complaint." ECF No. 10.

- 2 -

Ferguson is requesting that this Court reconsider its decision to dismiss her complaint, and therefore the Court will construe Ferguson's "Notice of Appeal" as a motion for reconsideration pursuant to Eastern District of Michigan Local Rule 7.1(g).

### III

As outlined above, Ferguson timely objected to the Magistrate Judge's report and recommendation, and her motion for reconsideration will be granted in part. This Court will therefore conduct an independent review of the record.

In her report and recommendation, Magistrate Judge Morris concluded that this Court does not have subject matter jurisdiction over Ferguson's claims. Magistrate Judge Morris noted that Ferguson's legal malpractice claims did not arise under federal law so as to confer federal question jurisdiction, nor was there diversity among the parties so as to confer diversity jurisdiction. Accordingly, she recommended dismissing Ferguson's complaint for lack of subject matter jurisdiction.

Ferguson raises two objections to the Magistrate Judge's report and recommendation; each will be addressed in turn.

### A

First, Ferguson claims that "my original complaint did contain a short and plain statement of the claim" as required by Federal Rule of Civil Procedure 8(a). However, this objection is unavailing because the Magistrate Judge did not recommend dismissal of the case for failure to include a short and plain statement of her claim. Instead, the Magistrate Judge recommended dismissal because the Court lacked subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3).

In her complaint, Ferguson alleged that this Court had subject matter jurisdiction because her legal malpractice claims arise under federal law pursuant to 28 U.S.C. § 1331. Moreover, she explains that "at the time of initial injury I was employed by the federal government. I'm currently a full time student being supported by federal student aid." ECF No. 9 at 1.

Despite Ferguson's assertions, her legal malpractice claims do not arise under federal law so as to confer federal question jurisdiction. *Titus v. Ewert*, 92 F. App'x 334, 335 (7th Cir. 2004). Nor does being a federal employee or being supported by federal student aid create federal question jurisdiction. *Blank v. Shein & Brookman, P.A.*, 1985 WL 39 (E.D. Pa. Nov. 5 1985). Because Ferguson has not shown that her legal malpractice claims confer subject-matter jurisdiction on this Court, her complaint will be dismissed pursuant to Federal Rule of Civil Procedure 12(h)(3).[1]

**B**

Ferguson also objects to the conclusion that this Court lacks jurisdiction because "I recently attempted to file a case in the District Courts in Saginaw Michigan and was denied." ECF No. 9 at 2. This objection is also unavailing. As explained above, this Court lacks subject matter jurisdiction over Ferguson's claims. The state court's rejection of Ferguson's attempts to file in state court does not change this conclusion. Accordingly, the Court will overrule Ferguson's objections and adopt the Magistrate Judge's recommendation to dismiss Ferguson's complaint.

**III**

Accordingly, it is **ORDERED** that Plaintiff's Notice of Appeal/Motion for Reconsideration (ECF No. 10) is **GRANTED IN PART**.

---

[1] The Court also notes that there would not be diversity jurisdiction because both Plaintiff and Defendant are Michigan citizens.

- 5 -

It is further **ORDERED** that Plaintiff's Objections (ECF No. 9) are **OVERRULED**.

It is further **ORDERED** that Magistrate Judge Patricia Morris's Report and Recommendation (ECF No. 6) is **ADOPTED**.

It is further **ORDERED** that Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: September 9, 2014

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon Rosetta Ferguson, at 593 Homedale Street, Apt. 1, Saginaw, MI 48604 by first class U.S. mail on September 9, 2014.

s/Tracy A. Jacobs
TRACY A. JACOBS